UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PETER CHRISTIAN and
DAWN MEHAFFIE,

    Plaintiffs,               CASE NO.: _____

vs.

LIBERTY MUTUAL FIRE INSURANCE COMPANY,

    Defendant.

_____/

## NOTICE OF REMOVAL

Defendant, Liberty Mutual Fire Insurance Company ("Liberty"), pursuant to 28 U.S.C. § 1441, *et seq.*, removes this action from the Circuit Court of the Ninth Judicial Circuit of Florida, in and for Osceola County, Case No. 2023-CC-000203-CL, to this Court.

**I.    The State Court Case**

1. On January 25, 2023, Plaintiffs, Peter Christian and Dawn Mehaffie (collectively, "Plaintiffs"), served the complaint to Liberty in Case No. 2023-CC-000203-CL (***Christian I***).

1. Plaintiff's action arises out of a claim for purported breach of insurance contract. Plaintiff submitted an estimate to repair water damages in the kitchen in the amount of $28,899.35 (**EXHIBIT 1**.)

2. Liberty insures the property located at 2677 Gold Dust Cir. Kissimmee FL 34744-5156 ("Property")

3. Plaintiff filed two other related cases, for the same Property under the same policy number as in ***Christian* I**, which are:

- *Peter Christian and Dawn Mehaffie v. Liberty Mut. Fire Ins. Co.*, Case No. 2023 CC 000355 for claim no. 049949349.[1] That case, for breach of contract, was filed on January 23, 2023 ("***Christian* II**"). The Honorable Arendas, presides. This breach of contract claim was filed under policy no. H3225140116040, with a DOL **April 2, 2022** (Wind damage to roof). Plaintiffs submitted an estimate of $52,381.53. (**EXHIBIT 2**.)

- *Peter Christian and Dawn Mehaffie v. Liberty Mut. Fire Ins. Co.*, Case No. 2023-CC-000523 for claim no. 049949275.[2] That case, for declaratory judgment, was filed on January 31, 2023. ("***Christian* III**"). The Honorable Arendas, presides. The claim was filed under policy no. H3225140116040, with a DOL **June 18, 2022** (AC leak). Plaintiffs submitted an estimate of $35,049.58. (**EXHIBIT 3**.)

4. On April 11, 2022, Liberty filed a Motion to Consolidate Residential Property Insurance Actions pursuant to Florida Statute § 627.70153.

5. On May 16, 2023, the *Christian I* court entered an Agreed Order consolidating *Christian II* and *Christian III* ("Order of Consolidation"), for all three to be heard in the *Christian I* court. A copy of Order of Consolidation is attached as **EXHIBIT 4**. The Order of Consolidation entered in *Christian I* was then filed in the *Christian II* and *Christian III* courts, on May 18, 2023.

6. This Notice of Removal is timely filed within 30 days of receipt of the Order of Consolidation, pursuant to 28 U.S.C. §1446(b)(3) ("other paper").[3]

---

[1] File no. 2302085
[2] File no. 2302252
[3] ". . . if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading,

7. Moreover, 28 U.S.C. § 1446(a) requires Liberty to file copies of all process, pleadings, and orders served upon it in *Christian I*, *Christian II*, and *Christian III* were filed in this Court with the Notice of Removal.

8. This case is removed to the United States District Court for the Middle District of Florida, Orlando Division because the State Court action was brought in Osceola County, Florida. 28 U.S.C. §§ 1441(a) and 1446(a); Middle District of Florida Local Rule 1.06.

## II. Jurisdiction

9. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 because the controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

10. There is complete diversity of citizenship.

11. Plaintiffs, Peter Christian and Dawn Mehaffie are citizens of Florida.

12. Pursuant to 28 U.S.C. § 1332(c)(1), Liberty is a company organized under the laws of Massachusetts; and for federal court jurisdiction/diversity of citizenship disclosure purposes, Liberty's principal place of business is 2000 Westwood Drive Westwood, Wisconsin, 54401. Thus, Liberty is a citizen of Massachusetts.

13. In this case, the amount in controversy exceeds $75,000, exclusive of interest and costs.

---

motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable"

14. "In determining whether subject matter jurisdiction exists, the Court must focus on the amount in controversy at the time of removal, not at a later point." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010). "If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Koppey v. Liberty Mutual Fire Ins. Co.*, 2020 WL 13389220, at *1 (S.D. Fla. Dec. 31, 2020) (citation and quotation). Where, as in this case, the complaint alleges an unspecified amount of damages, "the district court is not bound by the plaintiff's representations regarding its claim,' and may review the record for evidence relevant to the amount in controversy." *Id.* (citing *DO Rests., Inc. v. Aspen Specialty Ins. Co.*, 984 F. Supp. 2d 1342, 1344 (S.D. Fla. Nov. 26, 2013)).

15. In addition, this Court "may also use its judicial experience and make reasonable inferences and deductions to determine the amount in controversy." *Id.* (quoting *Pretka*, 608 F.3d at 754 (discussing the difference between reasonable deductions and inferences with "conjecture, speculation, or star gazing")).

16. "'Moreover, 'defendants may submit a **wide range** of evidence in order to satisfy the jurisdictional requirements of removal,' including 'affidavits, declarations, or other documentation.'" *Id.* (quoting *Pretka*, 608 F.3d at 755).

17. Therefore, as in this case, this Court may consider the Order of Consolidation to determine the amount in controversy. *See Koppey*, 2020 WL

4

13389220, at *1; *Aspen*, 984 F. Supp. 2d 1342, 1344; *see also Aldajuste v. Geovera Specialty Ins. Co.*, Case No: 2:21-cv-48-JLB-MRM, 2021 WL 2253606, at *3 (M.D. Fla. June 3, 2021) (explaining "a state order consolidating lawsuits **for all purposes**," allows the federal court to "combine the value of the three lawsuits in satisfying the amount in controversy on removal because they remain distinct actions.") (emphasis added).

Here, the Order of Consolidation expressly consolidates *Christian I*, *Christian II*, and *Christian III*, for **all purposes**; it states:

> 1. Defendant's Motion to Consolidate is GRANTED.
>
> 2. The following matters shall be consolidated with the instant action for the purposes of discovery, trial, motion practice, and ***all purposes***: the cases styled *Peter Christian and Dawn Mehaffie v. Liberty Mutual Fire Ins. Co.*, Case No. 2023-CC-000355-CL, and *Peter Christian and Dawn Mehaffie v. Liberty Mutual Fire Ins. Co.*, Case No. 2023-CC-000523-OT.

*See* (EXHIBIT 4.) (emphasis added).

Plaintiffs sent three estimates: *Christian I* ($28,899.35), *Christian II* ($52,381.53), and *Christian III* ($35,049.58) to support an aggregate claim for damages in the amount of **$116,330.46**. (EXHIBITS 1, 2, 3, respectively.) Therefore, Liberty has established that the amount in controversy exceeds $75,000, exclusive of interest and costs. *See Aldajuste*, 2021 WL 2253606, at *5.

In the alternative, Plaintiffs relied on these three estimates to send a settlement demand in the aggregate amount of **$151,500**. (**Exhibit** 5.) Therefore, removal is proper in that regard. *See Deal v. Evangelical Lutheran*

*Good Samaritan Soc'y*, 6:14-CV-7-ORL-28KRS, 2014 WL 12618704, at *2 (M.D. Fla. April 25, 2014) ("Settlement demand letters that ask for damages exceeding $75,000 are evidence that may be submitted by the removing party and considered by courts for purposes of determining whether diversity jurisdiction exists. Some courts have found demand letters to be 'legally certain evidence' that the amount in controversy meets federal jurisdictional requirements.").

Accordingly, removal is proper.

### III. Conclusion

18. Liberty removes this case to the United States District Court for the Middle District of Florida, Orlando Division.

19. Liberty demands trial by jury on all issues so triable.

20. Promptly after filing this notice of removal, Liberty will give written notice to all adverse parties and will file a copy of this notice with the clerk of the State court, pursuant to 28 U.S.C. §1446(d).

Dated:  May 22, 2023.

*(remainder of page intentionally left blank)*

Respectfully submitted,

BUTLER WEIHMULLER KATZ CRAIG LLP

*/s/ Latasha Scott*
MATTHEW J. LAVISKY, ESQ.
Florida Bar No.: 48109
mlavisky@butler.legal
LATASHA LORDES SCOTT, ESQ.
Florida Bar No.: 52316
lscott@butler.legal
kbrock@butler.legal
400 N. Ashley Drive, Suite 2300
Tampa, FL  33602
Telephone:  (813) 281-1900
*Counsel for Defendant, Liberty Mutual Fire Insurance*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy hereof has been furnished to:

Pierre A. Louis, Esq.
Aaron D. Melamed, Esq.
Louis Law Group, PLLC
290 Northwest 165th Street, Suite M-500
Miami, FL  33169
service@louislawgroup.com
scheduling@louislawgroup.com
Counsel for Plaintiffs

by e-mail and CM/ECF on May 22, 2023.

*/s/* Latasha L. Scott
Attorney